IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINITY,<br><br>   Plaintiff,<br><br>  vs.<br><br>STATE OF CALIFORNIA<br>DEPARTMENT OF JUSTICE,<br><br>   Defendants.<br>_____/ | No. 2:12-cv-1819 CKD P<br><br><br><br><br><br>ORDER |

   Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint which he states is filed pursuant to 28 U.S.C. § 1361. (Dkt. No. 1.) Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Dkt. No. 5.) This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1), and plaintiff has consented to jurisdiction by a United States Magistrate Judge.

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.

1

1  § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding
2  month's income credited to plaintiff's prison trust account. These payments shall be collected
3  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
4  plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
7  § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
11 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14        Plaintiff asserts that the State of California Department of Justice, Bureau of
15 Criminal Identification and Information, refuses to identify him by his legal name, Infinity. He
16 seeks a writ of mandamus compelling respondent to list his name only as "Infinity."

17        Although the federal mandamus statute provides that "[t]he district courts shall
18 have original jurisdiction of any action in the nature of mandamus to compel an officer or
19 employee of the United States or any agency thereof to perform a duty owed to the plaintiff" (28
20 U.S.C. § 1361), federal district courts are without power to issue mandamus to direct state courts,
21 state judicial officers, or other state officials in the performance of their duties. A petition for a
22 writ of mandamus to compel a state court or official to take or refrain from some action is
23 frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161 (9th Cir.
24 1991) ("We further note that this court lacks jurisdiction to issue a writ of mandamus to a state
25 court."); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without
26 power to issue writs of mandamus to direct state courts or their judicial officers in the

1  performance of their duties[.]"); see also Newton v. Poindexter, 578 F.Supp. 277, 279 (C.D. Cal.
2  1984) (§ 1361 has no application to state officers or employees).  Accordingly, this court cannot
3  grant the relief plaintiff seeks.
4       Because the court cannot grant the mandamus relief sought by plaintiff, the
5  complaint will be dismissed for failure to state a claim upon which relief can be granted.  In light
6  of the obvious deficiency as to the relief sought in this case, the court finds that it would be futile
7  to grant plaintiff leave to amend.  See California Architectural Bldg. Prod. v. Franciscan
8  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend
9  include... futility."); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701
10 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the
11 court does not have to allow futile amendments).
12      For the foregoing reasons, IT IS HEREBY ORDERED that:
13      1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 5) is
14 GRANTED.
15      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 The fee shall be collected and paid in accordance with this court's order to the Director of the
17 California Department of Corrections and Rehabilitation filed concurrently herewith.
18      3.  Plaintiff's complaint (Dkt. No. 1) is DISMISSED without leave to amend for
19 failure to state a claim upon which relief can be granted.
20      4.  The Clerk is directed to close this case.
21 Dated: January 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
watt0010.14a.new

3